UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE JONES,

        Plaintiff,

    v.

CDCR, *et al.*,

        Defendants.

Case No.  2:26-cv-0502-JDP (P)

ORDER

Plaintiff, a state prisoner, alleges that defendants California Department of Corrections and Rehabilitation ("CDCR"), Assistant Warden Vang, and an indeterminate number of "Doe" staff at the California Health Care Facility, violated his rights under Eighth and Fourteenth Amendments and the Americans with Disabilities Act ("ADA") when he slipped and fell in the prison shower.  ECF No. 1 at 4.  The complaint fails to state a cognizable claim.  I will dismiss the complaint with leave to amend so that plaintiff may explain why, if at all, this action should proceed.  I will also grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2.

**Screening Order**

**I.**    **Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

1

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Analysis

Plaintiff alleges that on October 11, 2025, he slipped and fell on the "ADA shower floor," which lacked anti-slip protection. ECF No. 1 at 4. He claims that he sustained a concussion as a result and that he still suffers from unspecified physical and emotional damages. *Id*. This claim is deficient for two reasons. First, slip-and-fall claims like this do not give rise to a viable constitutional or ADA claim. Courts have routinely held that slip-and-fall claims do not implicate the Eighth Amendment's prohibition on cruel and unusual punishment. *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (noting that "slippery prison floors . . . do not state even an

2

arguable claim for cruel and unusual punishment"). And, though plaintiff cites the Fourteenth Amendment's equal protection clause, he does not explain how his slip and fall incident gives rise to any equal protection claim. Finally, plaintiff's ADA claim is non-cognizable as articulated because he does not identify what disability he has, or allege that any defendant discriminated against him because of any qualifying disability. *See O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007) (setting forth elements required to state a claim under Title II of the ADA).

Additionally, even if plaintiff's claims were legally cognizable, he has failed to identify how each defendant was responsible for his injuries. Finally, he is advised that the CDCR itself is not a viable defendant in a section 1983 action. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

I will dismiss the complaint with leave to amend so that plaintiff may address these issues. He is advised that an amended complaint will entirely supersede the original complaint, and it should be filed on the form included with this order and be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:     March 16, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3