UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE JONES,<br>Plaintiff,<br>v.<br>CDCR, et al.,<br>Defendants. | Case No. 2:26-cv-0502-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, alleges that defendants violated his rights under the constitution and the Americans with Disabilities Act ("ADA") when he slipped and fell in a shower stall that was not properly equipped or maintained. This action proceeds on plaintiff's amended complaint that, like its predecessor, fails to state a cognizable claim. Accordingly, I now recommend that this action be dismissed.

## Screening Order

### I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II. Analysis**

Plaintiff alleges that, on an unspecified date, he slipped and fell in a shower stall at the California Health Care Facility. ECF No. 9 at 4. He claims that the defendants are responsible for the fall because they failed to maintain and repair the stall. *Id.* As an initial matter, the California Department of Corrections itself, and components thereof like its "plant operations" division, are not viable defendants in a section 1983 action. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). And plaintiff's allegations against an indeterminate number of "Doe" defendants are not cognizable, because he does not allege what

action each "Doe" defendant took or failed to take. Simply alleging that all the defendants failed to repair or maintain the shower stall, without alleging how and when each knew of its deficiencies, is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Finally, plaintiff's allegations against Vang, the facility warden, are insufficient because they are premised solely on his supervisory position and not any specific action or inaction that he failed to take. *See* ECF No. 9 at 4 ("The Warden, Dao Vang, is charged with the authority to delegate and orchestrate the safe operations of the institution . . . ."). There is no *respondeat superior* liability under section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Additionally, as I explained in my previous screening order, slip and falls generally do not implicate the Eighth Amendment's prohibition of cruel and unusual punishment. *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (noting that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"). And plaintiff's claims under the ADA are fundamentally defective because he does not explain the nature of his disability, nor does he allege that any defendant discriminated against him because of his disability. *See O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007) (setting forth elements required to state a claim under Title II of the ADA).

I have already given plaintiff an opportunity to amend his complaint, and the same deficiencies remain. I now recommend that this action be dismissed for failure to state a claim.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the amended complaint, ECF No. 9, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 3, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE